AO 91 (Rev. 11/11) Criminal Complaint 14-052

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| THOMAS SILBER | ) | Case No. 14-546-M |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 5, 2005 to Dec. 29, 2010  in the county of  Bucks  in the
 Eastern  District of  Pennsylvania , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252(a)(2) | receipt of child pornography |

This criminal complaint is based on these facts:
See attached Affidavit of Special Agent Lauren Krick

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Lauren Krick, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 28, 2014

_____
*Judge's signature*

City and state:  Philadelphia, PA   Honorable Carol S. Wells, Chief U.S. Magistrate
*Printed name and title*

AFFIDAVIT

I, Lauren P. Krick, being duly sworn, do hereby depose and state:

A. **BACKGROUND**

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the Special Agent in Charge in Philadelphia, PA. I have been so employed since September 2006. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of numerous search warrants, a number of which involved child exploitation and/or child pornography offenses.

2. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and the review of documents and records. It does not set forth every fact known to me, but rather, those facts sufficient to establish probable cause for the offense charged. This affidavit is submitted in support of an application for an arrest warrant for Thomas Silber for violations of Title 18, United States Code, Section 2252(a)(2), receipt of child pornography.

A. **DEFINITIONS**

3. Title 18, United States Code, Section 2252(a)(2) states that whoever "knowingly receives . . . any visual depiction using any means or facility of interstate or foreign commerce or that

has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, . . . if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct" shall be guilty of an offense.

4. "Sexually explicit conduct" as set forth in Section 2252 includes "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

5. "Hashing" is a process conducted by specialize software through which a computer can determine a unique identifying "fingerprint" of a digital file, known as a SHA1. SHA1 is a mathematical algorithm that corresponds to the "fingerprint" of a particular digital file and does not change from system to system unless the file is modified. SHA1 is considered secure because it is computationally infeasible for two files with different content to have the same SHA1 hash value, thus enabling investigators to positively identify contraband files being offered for download on the Internet.

6. "Internet protocol address" is a unique set of numbers consisting of 4 parts separated by dots, e.g., 165.113.245.2. This is used to identify devices on the Internet. Every machine that is connected to the Internet at any given moment has a unique IP address which can be used to track the location of the device. IP addresses are globally unique, numeric identifiers that computers use to identify hosts and networks connected to the Internet.

7. "Peer-to-peer file sharing" is a method of communication on the Internet that allows groups of computer users, using the same file sharing network and protocols, to transfer digital

files, such as pictures, movies, or audio tracks, from one computer to another while connected to a network. To connect to a particular peer-to-peer file sharing network, a user must first download a peer-to-peer software program from the Internet. The software allows the user to set up files and directories on his computer to be shared with others on the same network. The user can also obtain files from others via manual searches or browsing other computers on the network. One such network, known as "Ares," uses file hashing to uniquely identify files on the network.

### B. FACTS SUPPORTING PROBABLE CAUSE

8. On June 13, 2013, Special Agent Duane Tabak with the Bureau of Criminal Investigations, Pennsylvania Office of the Attorney General, Child Predator Unit, Pittsburgh, Pennsylvania, was conducting an online investigation of peer-to-peer file sharing of child pornography on the Internet on the Ares peer-to-peer network. Using peer-to-peer client software, SA Tabak located a computer on the Ares network which had been previously identified as having files of investigative interest, and which was assigned the Internet Protocol ("IP") address 68.238.216.202. The host computer reported its Ares nickname as "dolphin@Ares." Between June 13, 2013 and June 14, 2013, SA Tabak connected with this computer and downloaded three known movie files (previously identified by SHA1) depicting child pornography. "dolphin@Ares" also was associated with IP address 68.238.207.39, and on June 14, 2013, SA Tabak downloaded one known child pornography video from that IP address.

9. On July 9, 2013, SA Tabak applied for and received a court order from the Allegheny County Court of Common Pleas directing Verizon to release subscriber information for these dates at the specific download times for both of these IP addresses. Verizon responded that both IP addresses were assigned to Thomas Silber, 1039 Randolph Drive, Yardley, PA, 19067.

10.     On September 11, 2013, SA Kurt Smith of the Bureau of Special Investigations, Pennsylvania Office of the Attorney General, obtained a search warrant from the issuing authority in the County of Bucks, Commonwealth of Pennsylvania, to search 1039 Randolph Drive, Yardley, PA. The search warrant was executed on September 12, 2013. Silber was home and was given Miranda warnings. The agents asked what Silber thought this was about and he said "bad movies." He stated that he had Ares and child pornography on his computer. He was then arrested. Agents seized numerous items from the residence, including a laptop computer, multiple external hard drives, and digital storage media in the form of DVDs and CDs.

11.     During an interview at the Lower Makefield Township Police Department that day, Silber again stated that he had Ares on his computer, and that his password was dolphin. He indicated that he utilized email accounts including Thomas_silber@yahoo.com, tommy_1595@mail.ru, and tommy_1595@msn.com. He stated that he is attracted to little boys and has masturbated to child pornography, which he has been downloading since 2001, and that he is most interested in boys ages 10 to 17. Silber stated that he obtained one video in particular that he liked made by Azov Films in Canada, and that he contacted the producer, and arranged to travel to Ukraine in 2005 to have oral and anal sex with a boy named [Victim 1] from the video (now deceased) and oral sex with a boy named [Victim 2] from the video. Both boys were 13 or 14 years old.

12.     Agents then previewed the Dell laptop computer seized in the search, and determined that it contained thousands of pictures and videos of child pornography. Silber was charged by the Pennsylvania Office of the Attorney General on September 12, 2013 with four counts of distribution of child pornography (based on the video downloads by SA Tabak over the Ares peer-to-peer network), and 100 counts of possession of child pornography (based on 100 images

4

or videos seen by the agents in the preview of the laptop computer). No additional computer forensic examination was done by the Pennsylvania Office of the Attorney General.

13.     On September 13, 2013, the Pennsylvania Office of the Attorney General contacted HSI regarding Silber's receipt of child pornography and possible production of child pornography, as well as traveling with the intent to engage in sexual contact with a minor, and provided the above information.

14.     Your affiant is aware that in October 2010, the United States Postal Inspection Service ("USPIS") and the Toronto Police Service ("TPS") began an investigation into a movie production company that operated an Internet website offering DVDs and streaming videos ("films") for sale. The majority of these films feature young boys and were marketed as "naturist films from around the world." TPS and USPIS determined that this production company ("Toronto Company") was located in Toronto, Canada and had been the subject of more than 20 complaints to the National Center for Missing and Exploited Children's Cyber TipLine regarding the sale of child pornography.

15.     Your affiant is also aware that in October 2010, USPIS Inspectors accessed the Toronto Company's website, www.azovfilms.com, and were able to review film previews, website movie summaries, and customer ordering information. On six occasions between February and April, 2011, USPIS Inspectors from Brentwood, Tennessee conducted controlled purchases of DVDs via the Toronto Company's online ordering system. These DVDs depicted young teenage boys in a variety of settings naked, with the focus of the videos on the genital or pubic areas of the boys. Law enforcement determined that the "Toronto Company" has a shipping facility located in North Tonawanda, New York and that the undercover online orders were transferred from the "Toronto Company," to this New York based shipping facility for fulfillment. These undercover

orders were then shipped from North Tonawanda, New York via USPS Priority Mail to a post office box in Nolensville, Tennessee

16. Your affiant also is aware that TPS executed a search warrant on the Toronto Company's business premises on May 1, 2011 and seized hundreds of DVD movies, photo DVDs, computers, and business records, including customer shipping labels and customer order histories. Many of the DVD movies included the lascivious exhibition of the genitals of nude minors. Law enforcement determined that these films were being shipped to customers worldwide, including hundreds of individuals residing in the United States. Law enforcement also determined that for those orders placed from the United States, the Toronto Company would fill those orders via USPS Priority Mail. The Toronto Company, as well as its two operating principals, were subsequently charged and are being prosecuted in Canada for child exploitation offenses, including the production and distribution of child pornography. Some of the victims in the films were identified by law enforcement and reside in Ukraine.

17. On April 18, 2014 your affiant received from the Pennsylvania Office of Attorney General the electronic evidence seized from Silber's home. A forensic examination was started immediately by HSI Computer Forensic Agents.

18. On May 13, 2014 your affiant received, from U.S. Postal Inspector William Cobb, a list of Azov videos purchased by Silber that was recovered from the web server located in Canada at the time US Postal Inspectors and Canadian officials arrested the Azov films producer. This order history includes purchases by Silber from June 5, 2005 through December 29, 2010, for approximately 71 videos containing child exploitation material. All purchases were by Thomas F. Silber, 1039 Randolph Drive, Morrisville (Yardley) Pennsylvania, 19067, Phone number 215-493-9234, Email tommy_15958@msn.com, and indicate shipping by the distributor by either

"USPS First Class," "Air Mail," "Air Mail Standard," or "Air Mail Shipping." Some of the video names include: Boys In The Mud, High Spirited Boys, Twee Vorstinnen en een Vorst, Summer by the Canal, Vladik's Fun, Vladik Anthology, Crimean Vacation Part 1: Koktebel, Crimean Vacation Part 2: Dirty Digs & Silly Splashes, Vladik & Friends, Vladik's Spring Break, Scenes from Crimea: Volume 1 thru 6, Un-Scenes from Crimea, etc.

19. HSI has obtained 71 disks seized by the Pennsylvania Attorney General's Office from Silber's residence that are consistent with the 71 Azov videos purchased by Thomas Silber on the Internet. The disks include pictures of the boys on the front are labeled "Azov Films."

20. Your affiant and other law enforcement officials have reviewed the above-mentioned Azov videos. These videos consist of pre-pubescent and pubescent males that appear to be between 8 and 13 years old. The boys are nude for the majority of the videos and are playing. At times the films focus on the genital area of the boys. Some examples of the videos include:

   a. Azov Films' Scenes from Crimea Volume 3, Introducing Rulan & Borya. This video is approximately 1 hour and 55 minutes long. This video depicts three to four pubescent males appearing to be between 8 and 13 years old. The boys are entirely nude for the majority of the film. The film takes place in various locations, including outside on a beach and also inside a house. In one scene, a boy is sitting totally naked on a couch apparently watching television, and the camera is focused intermittently on his genitals; the scene later includes two totally naked prepubescent boys massaging one another on the same couch with their genitals clearly visible. In another scene, a totally naked prepubescent boy is doing somersaults on a bed in a dimly-lit room. The focus is on his buttocks and spread legs, clearly exposing his penis, testicles and anus. He then begins

7

spanking himself with both hands, while lying on his back with his legs flipped over his head, clearly exposing his anus, testicles and penis, on which the camera is focused. According to the order history, Silber purchased this video on September 25, 2009 for $63.90.

b. Un-Scenes from Crimea. This video is broken up into 3 disks which are approximately 1 hour and 40 minutes, 1 hour and 17 minutes long, and 28 minutes long. These videos depict 4 to 5 pubescent males appearing to be between 8 and 15 years old. In one scene, a pubescent and prepubescent boy are fully nude and taking a shower together. The camera is directly in front of them and slightly below waist level, so that the focus is on their genitals. In another scene, a prepubescent boy is lying on a weight lifting bench with his legs spread apart, wearing only gloves, socks, and shoes; the camera is shooting from near his feet and intermittently zooms to his genital area. According to the order history, Silber purchased this video on October 6, 2010 for $44.95.

c. Azov Films presents a film by ZZ Vladik & Friends. This video is approximately 41 minutes long. This video depicts two pubescent males appearing to be between 13 to 15 years old. In one scene, the boys are sitting on the ground eating bananas, and wearing only shirts, socks, and shoes; as neither are wearing pants or underwear, their genitals are clearly visible. In other scene, two totally naked boys jump from one large boulder to another; the camera is directly beneath them and filming upward at their genitals, which are clearly visible as they leap across the void between the two boulders. According to the order history, Silber purchased this video on February 16, 2007 for $36.95.

## C. **CONCLUSION**

21. Based upon this evidence, I request that the Court issue an arrest warrant for Thomas Silber, charging him with violations of Title 18, United States Code, 2252(a)(2) receipt of child pornography.

Respectfully submitted,

Lauren P. Krick
Special Agent, HSI

Subscribed and sworn
before me this 28th of
May 2014

HONORABLE CAROL S. WELLS
United States Chief Magistrate Judge

9